UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

CHARLES WORTHAM, a minor, by his mother, )
SHAKITA WATKINS, and SHAKITA WATKINS, )
Individually, )
                 )
   Plaintiffs, )
                 )
  v.           )  No:
                 )
UNITED STATES OF AMERICA )
                 )
   Defendants. )

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA WATKINS, his mother and SHAKITA WATKINS Individually; by and through their attorneys, THE BRYANT LAW GROUP, LLC., and complaining of Defendant, UNITED STATES OF AMERICA, state as follows:

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 2671 *et seq*.

2. This action stems from a birth injury by minor baby Charles Wortham, who was born at Mt. Sinai Hospital in Chicago, Illinois on April 13, 2013.

3. On April 10, 2015 Plaintiffs Shakita Watkins, individually as representative for her minor son, Charles Wortham (hereinafter "Plaintiffs"), filed a medical negligence suit in the Circuit Court of Cook County Illinois (case # 15 L 00363) against Access Community Health Network, Mount Sinai Hospital Medical Center, Leonard Feinkind, M.D., Charles Lampley, M.D., Lamuel Shaffer, M.D. and Alyssa Van Dyk, M.D.

4. On Friday April 10, 2015 Plaintiffs presented by mail (regular U.S. mail and courier

service) two (2) administrative tort claims, which were received on April 13, 2015 by the United States Department of Health & Human Services ("HHS") under the FTCA against Access Community Health Network, Leonard Feinkind, M.D., Charles Lampley, M.D. and Lamuel Shaffer, M.D. for personal injuries suffered by CHARLES WORTHAM, a minor, stemming from medical negligence (See acknowledgment of receipt by HHS attached hereto as Exhibit A).

5. Prior to a determination in said administrative tort claims, the United State Attorney General's Office filed a motion to remove defendants Access Community Health Network, Leonard Feinkind, M.D., Charles Lampley, M.D. and Lamuel Shaffer, M.D. and filed a motion to dismiss for failure to exhaust administrative remedies, which was granted on October 22, 2015.

6. On January 4, 2016 HHS denied the administrative claims.

7. Now that the administrative claims have been denied by HHS and the administrative claims have been exhausted, Plaintiffs have elected to file suit against the UNITED STATES OF AMERICA ("USA") in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C §§ 2401(b).

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

9. Venue is proper under 28 U.S.C. § 1391(b) because all of the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

10. On or about April 13, 2013, and at all times material ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-for-Profit Corporation operating and doing business in the City of Chicago, Cook County, Illinois, receiving grant money from the UNITED STATES PUBLIC HEALTH SERVICE, pursuant to 42 U.S.C. §233, as well as being the employer of various physicians, nurses and healthcare workers.

11. On or about April 13, 2013, and at all times material, LEMUEL SHAFFER, M.D. ("DR. SHAFFER") was an agent, servant, and/or employee of ACCESS and USA.

12. On or about April 13, 2013, and at all times material, CHARLES LAMPLEY, M.D. ("DR. LAMPLEY") was an agent, servant, and/or employee of ACCESS and USA.

13. On or about April 13, 2013, and at all times material, LEONARD FEINKIND, M.D. ("DR. FEINKIND") was an agent, servant, and/or employee of ACCESS and USA.

14. Defendant, USA, has been deemed the employer of DR. SHAFFER, DR. LAMPLEY, DR. FEINKIND and ACCESS, pursuant to 42 U.S.C. §233, for Federal Tort Claims Act purposes only. *(See* Declaration of Meredith Torres Attached hereto as Exhibit B).

**COUNT I**
**(Medical Negligence – Dr. Lemuel Shaffer)**

15. On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

16. On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

17. On or about April 13, 2013, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-For-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

18. On or about April 13, 2013, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

19. On or about April 13, 2013, and all times materials, DR. SHAFFER was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

20. On or about April 13, 2013, and all times material, USA undertook to employ Dr. SHAFFER and ACCESS for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

21. On or about April 13, 2013, and all times material, MOUNT SINAI undertook to employ obstetricians, such as DR. SHAFFER, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

22. On or about April 13, 2013, and all times material, ACCESS undertook to employ obstetricians, such as DR. SHAFFER, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

23. On or about April 13, 2013, and all times materials, DR. SHAFFER was a

member of the staff of MOUNT SINAI.

24. On or about April 13, 2013, and all times materials, DR. SHAFFER was a member of the staff of ACCESS.

25. On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

26. On April 13, 2013, DR. SHAFFER provided medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, in that he managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

27. While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. SHAFFER was doing so as an employee and agent of USA.

28. While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. SHAFFER had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

29. Defendant, USA, by and through its employee and agent and/or apparent agent, DR. SHAFFER, breached its duties and was negligent in one or more of the following respects:

    (a) Failed to obtain proper informed consent prior to attempting a vaginal delivery;
    (b) Failed to order a c-section in a timely manner;
    (c) Applied excessive traction during the delivery of Charles Wortham;
    (d) Performed or ordered an episiotomy while infant still at plus 2 station.

30. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, USA, by and through its employee and agent and/or apparent agent, DR. SHAFFER and ACCESS, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

31. Attached as Exhibit C are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA WATKINS, his mother, demands judgment against Defendant, UNITED STATES OF AMERICA, in a sum of money in excess of the jurisdictional limits of this Court that will fairly and adequately compensate the Plaintiff for his loss.

## COUNT II

### (Family Expense Act – United States of America)

NOW COMES, the Plaintiff, SHAKITA WATKINS, individually; and by and through her attorneys, The Bryant Law Group, LLC., and complaining of Defendant, United States of America., states as follows:

32. Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates by reference paragraphs 1 through 31 of Count I, including all subparagraphs, as paragraph 32 of Count II.

33. CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother, and as such has become liable for substantial pecuniary amounts arising out of CHARLES WORTHAM's injuries. The recovery of the above-mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment against Defendants, UNITED STATES OF AMERICA, in such an amount in excess of the jurisdictional limits of this Court that will fairly and adequately compensate the Plaintiff for his loss.

## COUNT III

**(Negligence – Dr. Charles Lampley)**

34. On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

35. On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

36. On or about April 13, 2013, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-For-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

37. On or about April 13, 2013, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

38. On or about April 13, 2013, and all times materials, DR. LAMPLEY was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

39. On or about April 13, 2013, and all times material, USA undertook to employ Dr. LAMPLEY and ACCESS for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

40. On or about April 13, 2013, and all times material, MOUNT SINAI undertook to employ obstetricians, such as DR. LAMPLEY, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

41. On or about April 13, 2013, and all times material, ACCESS undertook to employ obstetricians, such as DR. LAMPLEY, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

42. On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

43. On April 13, 2013, DR. LAMPLEY provided medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, in that he managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

44. While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. LAMPLEY was doing so as an employee and agent of USA.

45. While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. LAMPLEY had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

46. Defendant, USA, by and through its employee and agent and/or apparent agent, DR. LAMPLEY, breached its duties and was negligent in one or more of the following respects:

(a) Failed to obtain proper informed consent prior to attempting a vaginal delivery;
(b) Failed to order a c-section in a timely manner;
(c) Applied excessive traction during the delivery of Charles Wortham;
(d) Performed or ordered an episiotomy while infant still at plus 2 station.

47. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, USA, by and through its employee and agent and/or apparent agent, DR. LAMPLEY and ACCESS, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

48. Attached as Exhibit C are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA

WATKINS, his mother, demands judgment against Defendant, UNITED STATES OF AMERICA, in a sum of money in excess of the jurisdictional limits of this Court that will fairly and adequately compensate the Plaintiff for his loss.

## COUNT IV
### (Family Expense Act – United States of America)

NOW COMES, the Plaintiff, SHAKITA WATKINS, individually; and by and through her attorneys, The Bryant Law Group, LLC., and complaining of Defendant, United States of America., states as follows:

49. Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates by reference paragraphs 34 through 48 of Count III, including all subparagraphs, as paragraph 49 of Count IV.

50. CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother, and as such has become liable for substantial pecuniary amounts arising out of CHARLES WORTHAM's injuries. The recovery of the above-mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment against Defendants, UNITED STATES OF AMERICA, in such an amount in excess of the jurisdictional limits of this Court that will fairly and adequately compensate the Plaintiff for his loss.

## COUNT V
### (Negligence – Dr. Leonard Feinkind)

51. On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit

Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

52. On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

53. On or about April 13, 2013, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-For-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

54. On or about April 13, 2013, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

55. On or about April 13, 2013, and all times materials, DR. FEINKIND was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

56. On or about April 13, 2013, and all times material, USA undertook to employ DR. FEINKIND and ACCESS for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

57. On or about April 13, 2013, and all times material, ACCESS undertook to employ obstetricians, such as DR. FEINKIND, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

58. On or about April 13, 2013, and all times materials, DR. FEINKIND was a member of the staff of MOUNT SINAI.

59. On or about April 13, 2013, and all times materials, DR. FEINKIND was a member of the staff of ACCESS.

60. On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

61. On April 13, 2013, DR. FEINKIND provided medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, in that he managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

62. While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. FEINKIND was doing so as an employee and agent of USA.

63. While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. FEINKIND had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

64. Defendant, USA, by and through its employee and agent and/or apparent agent, DR. FEINKIND, breached its duties and was negligent in one or more of the following respects:

> Failed to order follow-up biometrics following the results of biometrics exam of March 9, 2013, at which time the AC was at the 91st percentile and the HC was at the 15th percentile, which should have prompted Dr. Feinkind to recommend to Dr. Lampley that follow-up evaluations were necessary.

65. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, by and through its employee and agent and/or apparent agents, DR. FEINKIND and ACCESS, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

66. Attached as Exhibit C are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA WATKINS, his mother, demands judgment against Defendant, UNITED STATES OF

AMERICA, in a sum of money in excess of the jurisdictional limits of this Court that will fairly and adequately compensate the Plaintiff for his loss.

## COUNT VI
### (Family Expense Act – UNITED STATES OF AMERICA)

NOW COMES, the Plaintiff, SHAKITA WATKINS, individually; and by and through her attorneys, The Bryant Law Group, LLC., and complaining of Defendants, ACCESS COMMUNITY HEALTH NETWORK; and LEONARD FEINKIND, M.D., state as follows:

67. Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates by reference paragraphs 51 through 66 of Count V, including all subparagraphs, as paragraphs 67 of Count VI.

68. CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother, and as such has become liable for substantial pecuniary amounts arising out of CHARLES WORTHAM's injuries. The recovery of the above-mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment against Defendants, UNITED STATES OF AMERICA, in such an amount in excess of the jurisdictional limits of this Court that will fairly and adequately compensate the Plaintiff for his loss.

Respectfully submitted,

THE BRYANT LAW GROUP, LLC.

By: /s/ Aaron J. Bryant
      Aaron J. Bryant

Aaron J. Bryant (ARDC # 6277195)
The Bryant Law Group, LLC.
79 W. Monroe, Suite 1024
Chicago, IL 60603
Office Phone: 312-614-1076
Fax: 312-268-7385
abryant@blgchicago.com